DEAN S. KRISTY (CSB No. 157646)
dristy@fenwick.com
JENNIFER C. BRETAN (CSB No. 233475)
jbretan@fenwick.com
FIONA Y. TANG (CSB No. 298101)
ftang@fenwick.com
SOFIA RITALA (CSB No. 342253)
sritala@fenwick.com
FENWICK & WEST LLP
555 California Street, 12th Floor
San Francisco, CA  94104
Telephone:     415.875.2300
Facsimile:     415.281.1350

FELIX S. LEE (CSB No. 197084)
flee@fenwick.com
FENWICK & WEST LLP
801 California Street
Mountain View, CA  94041
Telephone:     650.988.8500
Facsimile:     650.938.5200

Attorneys for Defendants Daniel J. Rosensweig, Andrew J. Brown, Nathan Schultz, John P. Fillmore, Robin Tomasello, Richard Sarnoff, Sarah Bond, Renee Budig, Paul LeBlanc, Marne Levine, Ted Schlein, Melanie Whelan, John York, and Nominal Defendant Chegg, Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| IN RE CHEGG, INC. DERIVATIVE LITIGATION<br><br>This Document Relates to:<br><br>ALL ACTIONS | Lead Case No.: 5:22-cv-00217-EJD<br><br>**RESPONSE IN SUPPORT OF PLAINTIFFS' ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED** |

Plaintiffs' administrative motion to maintain the narrow redactions of sensitive and confidential information under seal in their Amended Complaint (and keep the unredacted version under seal) should be granted. Nominal defendant Chegg, Inc. ("Chegg" or the "Company") and defendants Daniel J. Rosensweig, Andrew J. Brown, Nathan Schultz, John P. Fillmore, Robin Tomasello, Richard Sarnoff, Sarah Bond, Renee Budig, Paul LeBlanc, Marne Levine, Ted Schlein, Melanie Whelan, John York (collectively with Chegg, "defendants") submit this response in support of that motion, which should be granted for at least three reasons.

First, both governing law and the orders entered by the Court in this action prohibit plaintiffs from using Chegg's confidential information without filing it under seal. This consolidated derivative action (allegedly brought on Chegg's behalf) is premised on Chegg's alleged liability in a securities class action also pending before this Court, captioned *Leventhal v. Chegg, Inc.*, Case No. 5:21-cv-09953-EJD ("*Leventhal*"). *See* March 29, 2022 stay order ("March 2022 Order") (noting the derivative allegations in the initial *Choi* derivative case were based on "Chegg's alleged liability in other pending matters, including: *Leventhal v. Chegg, Inc.*" and staying the derivative litigation until after resolution of *Leventhal*); April 13, 2022 stay order ("April 2022 Order") (collectively the "Stay Orders") (applying the same stay to this consolidated derivative suit, which consolidated *Choi* with a substantially similar derivative case). Under the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), plaintiffs in *Leventhal* are prohibited from obtaining discovery unless and until that case survives a motion to dismiss, which is currently pending and will be heard by the Court on June 29, 2023. As a result, the parties agreed to provisions that ensured the PSLRA stay in *Leventhal* would not be undermined by proceedings in this derivative case. March 2022 Order, ¶ 6 ("Because both *Choi* and *Leventhal* are subject to a mandatory discovery stay … plaintiff agrees not to share any such Section 220 documents with plaintiffs in *Leventhal* or any other action."); April 2022 Order, ¶ 12 (applying the same terms to this consolidated derivative case). Specifically, the parties agreed that, if Chegg supplied Board materials to the derivative plaintiffs (under the inspection provisions of 8 *Del. C.* § 220), such materials would not be used in an amended complaint "until

the PSRLA stay is lifted in *Leventhal* or another substantially similar derivative case is filed." March 2022 Order, ¶ 6; *see* April 2022 Order, ¶ 12.

Second, plaintiffs' agreement to protect the confidentiality of these materials was a pre-condition to Chegg agreeing to a compromise to produce them. To eliminate burdens on the Court associated with the issue of whether this case should be stayed pending final resolution of *Leventhal*, the parties instead agreed to such a stay, with the proviso that Chegg would produce Section 220 documents as a compromise ***only if*** plaintiffs here agreed to treat the information as confidential.[1] Thus, under the stipulated agreement memorialized in the Court's Stay Orders, the parties agreed that if plaintiffs filed an amended complaint, "[t]o the extent any such amended complaint is based on any information derived from the Section 220 documents, plaintiff agrees that references to such information will be filed under seal pursuant to applicable court rules …."

To buttress those provisions in the Stay Orders, on November 22, 2022, plaintiffs and Chegg entered into a Confidentiality and Non-Disclosure Agreement (the "Confidentiality Agreement"), pursuant to which Chegg produced Section 220 documents to plaintiffs. Lee Decl., ¶ 8. The Confidentiality Agreement reiterated that the April 2022 Order "incorporated the terms of an earlier stipulation and proposed order to stay action entered on March 29, 2022." *Id.* In light of the nature of the documents to be produced and the PSLRA stay, plaintiffs again

---

[1] Plaintiffs were actually barred from even filing an amended complaint while the PSLRA stay remained in effect in *Leventhal,* and given that no "substantially similar" action had been filed at the time of the amended complaint. *See* March 2022 Order, ¶ 6, April 2022 Order, ¶ 12. Plaintiffs disregarded those provisions, embodied in this Court's two Orders, which further underscores the propriety of sealing the narrow set of allegations here. *Id.*; *see* accompanying Declaration of Felix S. Lee ("Lee Decl."), ¶ 12. Indeed, only after the amended complaint here was filed in contravention of the Orders, another derivative plaintiff filed suit in the Delaware Court of Chancery which sealed references to Section 220 documents. Defendants intend to seek a stay of that case as well.

FENWICK & WEST LLP

"agree[d] not to share any Confidential Information with any plaintiff in the Leventhal Action … or any other member of the putative class in the Leventhal Action," and pledged that "[s]hould Plaintiffs or their counsel determine to file an amended or consolidated complaint in the Derivative Action based on any Company Information provided in the 220 Documents, the references to such information must be filed under seal pursuant to applicable court rules." *Id.* Accordingly, sealing the narrow portions of the Amended Complaint would fulfill the intention of the parties, which were designed to protect Chegg's interests, uphold the purposes of the PSLRA, and minimize burdens on the Court that would have otherwise ensued regarding the scope of the stay for this derivative suit.

Third, even in the absence of the foregoing, the information is confidential. As set forth in further detail below and in the supporting papers, it reflects non-public business, financial and competitive information of Chegg, as well as its processes and ways of analyzing its business, that should be treated as confidential and could adversely impact the interest of Chegg if publicly disclosed (including to competitors). *See* Lee Decl., ¶¶ 10-11.

**THE MOTION TO SEAL SHOULD BE GRANTED**

Under Local Rule 79-5(c)(1), an application to seal requires "a specific statement of the applicable legal standard and the reasons for keeping a document under seal, including an explanation of: (i) the legitimate private or public interests that warrant sealing; (ii) the injury that will result if sealing is denied; and (iii) why a less restrictive alternative to sealing is not sufficient[.]" Civil L.R. 79-5(c)(1).

The parties agree that the "compelling reason" standard applies to a motion to seal a complaint. *See* Mot. at 2-3 (citing *Doe v. Wolf*, 2020 WL 8743519, at *2 (N.D. Cal. July 24, 2020); *Heath v. Google Inc.*, 2017 WL 3530593, at *2-3 (N.D. Cal. Aug. 14, 2017); *In re Google Inc. Gmail Litig.*, 2013 WL 5366963, at *2-3 (N.D. Cal. Sept. 25, 2013); *Delphix Corp. v. Actifio, Inc.*, 2014 WL 4145520, at *2 (N.D. Cal. Aug. 20, 2014)); *see also VLSI Tech. LLC v. Intel Corp.*, 2021 WL 6063965, at *1-2 (N.D. Cal. Dec. 22, 2021) (applying "compelling reasons" standard to seal portions of an exhibit to an answer that contain "sensitive financial and business information"); *Delfino Green & Green v. Workers Comp. Solutions, LLC*, 2015 WL 4235356, at

*1-2 (N.D. Cal. July 13, 2015) (applying "compelling reasons" standard to seal portions of a complaint that contain "confidential financial information").

The parties also agree that protecting sensitive business information is a compelling reason to seal. *See* Mot. at 2 (citing *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1097 (9th Cir. 2016); *Droplets, Inc. v. Yahoo! Inc.*, 2019 WL 9443777, at *2 (N.D. Cal. June 18, 2019); *Jam Cellars, Inc. v. Wine Grp. LLC*, 2020 WL 5576346, at *2 (N.D. Cal. Sept. 17, 2020); *Asuragen, Inc. v. Accuragen, Inc.*, 2018 WL 4855435, at *2 (N.D. Cal. Jan. 30, 2018)); *see also Bunsow De Mory LLP v. North Forty Consulting LLC*, 2020 WL 7872198, at *1 (N.D. Cal. Oct. 22, 2020) (sealing portions of an answer that "reflect confidential business information and dealings between the parties that are not intended for public disclosure" and "references to licenses and the parties' business models"); *Monterey Bay Military Housing, LLC v. Ambac Assurance Corp.*, 2019 WL 11658748, at *2 (N.D. Cal. July 11, 2019) (sealing portions of complaint that "relate to financial transactions that were intended to be, and have been, kept in confidence").

This standard is met here. The Amended Complaint incorporates confidential Company materials. Not only are those documents protectable as a substantive matter in their own right, but if that information was not sealed, it would also serve to work an end run around the PSLRA discovery stay, which exists to protect Chegg, on whose behalf this derivative suit is purportedly brought to advance. Indeed, the narrow redactions sought here advance both private interests of the parties (enforcing their agreements and to act in Chegg's best interests) and public interests (in abiding by Court Orders on which the parties relied in preventing unintended circumvention of the PSLRA).

*First*, the PSLRA stay requires that these materials remain under seal. As plaintiffs acknowledge, the PSLRA applies to *Leventhal*. March 2022 Order, ¶ 6. *See SG Cowen Sec. Corp. v. U.S. Dist. Court*, 189 F.3d 909, 912-13 (9th Cir. 1999) (PSLRA stay in effect until a court "has sustained the legal sufficiency of the complaint"). As indicated above, Chegg only agreed to provide Section 220 documents to these derivative plaintiffs in exchange for a consensual stay through final resolution of *Leventhal* (reducing motion practice before this Court

that would have otherwise ensued) on the express condition – memorialized in the Stay Orders and agreement of the parties – that any amended complaint referencing these materials would be filed under seal.  Putting aside their inherently protectable nature, if the Section 220 materials are not kept under seal at this time, plaintiffs in *Leventhal* could try to use those materials in aid of their complaint while the motion to dismiss that case is pending, directly undermining the important public interests served by the PSRLA stay.  *See SG Cowen*, 189 F.3d at 912 ("Congress clearly intended that complaints in these securities actions should stand or fall based on the actual knowledge of the plaintiffs rather than information produced by the defendants after the action has been filed."); *In re Facebook, Inc. S'holder Derivative Privacy Litig.*, 411 F. Supp. 3d 649, 653 (N.D. Cal. 2019) ("Congress's attempt to address discovery abuse through the PSLRA 'would be rendered meaningless' if Plaintiffs could circumvent the stay simply by dressing up a securities action as a derivative one.").

*Second*, as agreed and set forth in the Court's two Stay Orders, plaintiffs were required to file information derived from Section 220 materials under seal.  March 2022 Order, ¶ 6 ("To the extent any such amended complaint is based on any information derived from the Section 220 documents, plaintiff agrees that references to such information will be filed under seal pursuant to applicable court rules."); April 2022 Order, ¶ 12 ("The Consolidated Action shall be stayed on the same terms as those set forth in the Stay Order.").  Consistent with those Orders and the parties' agreement, on which Chegg relied, those materials should be maintained under seal.

*Third*, as plaintiffs acknowledge, the Section 220 materials referenced and quoted in the Amended Complaint contain sensitive commercial information that meets the "compelling reasons" test.  As explained in the Lee Declaration, the Section 220 materials reflect Chegg's non-public business, financial and competitive information, as well as processes and ways of analyzing its business, that was intended for Board deliberations, decision-making, and information.  Such material is quintessentially sensitive commercial information meant for the Board that, if publicly disclosed to competitors (or others), would harm Chegg's business.  Lee Decl., ¶ 11.  The risk to Chegg from disclosure in the context of this derivative case is particularly compelling "because a derivative suit is meant to further the best interests of *the company*."  *In re*

Fenwick & West LLP

Chegg's Response In Support Of'  
Admin. Motion to File Under Seal

5

Lead Case No.: 5:22-cv-00217-EJD

*Insys Therapeutics Inc. Derivative Litig.*, 2017 WL 5953515, at *3 (Del. Ch. Nov. 30, 2017) (emphasis in original) (citation omitted); *see also In re RH S'holder Derivative Litig.*, 2019 WL 580668, at *4 (N.D. Cal. Jan. 23, 2019) ("In general, a derivative suit must be in the company's best interest in order to proceed."). Moreover, such risk is especially unwarranted given that plaintiffs have largely mis-portrayed the materials, taking statements out-of-context or cherry-picking others, which would create an unfair misimpression that could cause unfounded harm to Chegg. *See* Lee Decl., ¶ 11.

For the foregoing reasons, defendants respectfully request that this Court grant plaintiffs' administrative motion to seal.

FENWICK & WEST LLP

By: */s/ Dean S. Kristy*
      Dean S. Kristy

Attorneys for Defendants Daniel J. Rosensweig, Andrew J. Brown, Nathan Schultz, John P. Fillmore, Robin Tomasello, Richard Sarnoff, Sarah Bond, Renee Budig, Paul LeBlanc, Marne Levine, Ted Schlein, Melanie Whelan, John York, and Nominal Defendant Chegg, Inc.